UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AUSTIN ASHENFELTER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-4059-JBM |
| PARTHA GOSH, *et al.*, | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and incarcerated at Hill Correctional Center, files a complaint under 42 U.S.C. § 1983, alleging violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### FACTS

Plaintiff files suit against the Illinois Department of Corrections ("IDOC"), IDOC Director Partha Gosh, Chief Chaplain Chase Wilhelm, Acting Warden Mark Williams, Assistant Warden of Programs Duffield, and Assistant Director John Doe.

1

Plaintiff, who belongs to "ArnDraiochtFein (ADF)" and is a practicing Druid, asserts that Defendants violated his religious rights under the First Amendment and RLUIPA. *See* 42 U.S.C. §§ 2000cc-1(a)-(b).

Plaintiff claims that he lacks the tools and Druid regalia he needs to practice his rites. Plaintiff alleges the IDOC provides tools, books, magazines, and special diets for inmates who practice other religions but refuses to provide Plaintiff with the special diet and items he needs to practice his religion.

Plaintiff alleges that he is denied the necessary food and drink "during The Honoring of [his] 4 Major High Days," which the Chief Chaplain allegedly stated that Plaintiff could honor. Plaintiff states further that it has been over two years since he was able to gather with his spiritual brethren to honor any high day, and he has not honored a high day feast since he has been in IDOC custody.

Plaintiff also alleges that he is unable to perform his daily sacred rites because Hill Correctional Center placed him in a cell with a non-Pagan. He claims that Hill prohibits Pagans from being housed together in the same wing or housing unit, which prevents them from performing their daily rites together and prohibits those who are new to the practice from receiving guidance from their elders.

Additionally, Plaintiff complains that Hill has been without a facility chaplain for approximately three months and will not hire a chaplain from "The Church of a Larger Fellowship," who would be unbiased toward Pagans.

## ANALYSIS

Individuals in custody have a First Amendment right to reasonable opportunities to practice their religion, subject to the legitimate penological concerns of the prison. *Maddox v. Love*, 655

F.3d 709 (7th Cir. 2011); *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). The Free Exercise Clause of the First Amendment prohibits the government from imposing a "substantial burden" on a "central religious belief or practice." *Isby-Israel v. Lemmon*, No. 13-172, 2016 WL 3072177, at *4 (S.D. Ind. June 1, 2016) (internal quotation omitted). "[A] substantial burden on the free exercise of religion ... is one that forces adherents of a religion to refrain from religiously motivated conduct, inhibits or constrains conduct or expression that manifests a central tenet of a person's religious beliefs, or compels conduct or expression that is contrary to those beliefs." *Id.* (quoting *Koger v. Bryan*, 523 F.3d 789, 798-99 (7th Cir. 2008)).

Under RLUIPA, officials may not substantially burden an individual's religious exercise unless there is a compelling government interest at stake. If such an interest exists, prison officials must use the least restrictive means of achieving it. 42 U.S.C. § 2000cc-1(a). RLUIPA allows for declaratory and injunctive relief, but not compensatory damages, and may be asserted against defendants in their official, but not personal capacities. *Turner v. Hamblin*, 590 Fed.Appx. 616, 621 (7th Cir. 2014); *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012).

Here, Plaintiff's allegations fail to state a claim. Although Plaintiff names Gosh, Wilhelm, Duffield, and John Doe as Defendants, Plaintiff does not plead any such facts in support of claims against them or mention them in the body of his complaint. Plaintiff fails to allege that Defendants possessed personal knowledge of, or were responsible for, depriving him of the tools, regalia, and special diet he needs to practice his religion. "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001)). Plaintiff claims that Chief Chaplin Chase Wilhelm allegedly stated that Plaintiff could honor four Major High Days;

however, Plaintiff fails to allege that Wilhelm was responsible for denying Plaintiff the necessary food and drink or had personal knowledge of the alleged denial. It is also unclear who he claims is responsible for allegedly failing to hire an unbiased chaplain.

Plaintiff does not indicate whether this suit is being brought against Defendants in their official capacities, individual capacities, or both. Section 1983 does not allow actions against individuals just for their supervisory role of others. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (internal quotations and citations omitted). Defendants Gosh, Wilhelm, Williams, Duffield, and John Doe are DISMISSED without prejudice for failure to state a claim. Plaintiff will be given an opportunity to replead his claims.

While Plaintiff has named the IDOC as a Defendant, the IDOC enjoys Eleventh Amendment sovereign immunity in this case. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). This is so, as an action against a state agency such as the IDOC is construed as an action against the state itself; thus, Eleventh Amendment sovereign immunity applies. *See Sittig v. Illinois Dept. of Corr.*, 617 F. Supp. 1043, 1044 (N.D. Ill. 1985); *Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars federal court suit for money damages against state prison and Department of Corrections). Furthermore, the statutory scheme of § 1983 provides relief to one injured by a "person" operating under color of law. A state or state agency is not a "person" amenable to suit. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012); *see also Wright v. Porter County*, No. 2:12 CV 493, 2013 WL 1176199, at *2 (N.D. Ind. Mar. 19, 2013) (dismissing § 1983 money damages claim against IDOC). The IDOC is DISMISSED with prejudice.

Plaintiff claims that Hill Correctional Center will not allow the Pagans to be housed together in the same wing or housing unit, which prevents them from performing their daily rites together and deprives inmates who are new to the practice from receiving guidance from their elders. He also alleges Hill placed him in a cell with a non-Pagan, but he fails to explain how this impacts his ability to perform his daily sacred rites. Plaintiff has no constitutional right to reside in a particular housing unit or have the roommate of his choice. *See Boykin v. Fischer*, No. 16 CV 50160, 2019 WL 6117580, at *16 (N.D. Ill. Nov. 18, 2019); *see also Harris v. Greer*, 705 F.2d 617, 618 (7th Cir. 1984) (inmates have no constitutional right to the cellmate of their choice). Therefore, this claim is DISMISSED with prejudice.

Finally, Plaintiff indicated that there was a grievance procedure available at the facility and he filed a grievance; however, the Court notes that Plaintiff admittedly did not complete the grievance process before filing his complaint. (Doc. 1 at 4). Plaintiff is subject to the provisions of the Prisoner Litigation Reform Act, which require an inmate to exhaust all available administrative remedies prior to filing suit. 42 U.S.C.§ 1997(e)(a). If a prisoner fails to follow the necessary grievance procedures, the claim will not be exhausted, and will be barred, even if there are no remaining administrative remedies available. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). It is recognized that the failure to exhaust is "an affirmative defense that ordinarily should be raised—and must be proven—by the defendant. A district court may dismiss a complaint where 'the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous…But the defense must be unmistakable….'" *Boyce v. Illinois Dept. of Corrections*, 661 Fed.Appx. 441, 443 (7th Cir. 2016) (internal citations omitted). Plaintiff is hereby placed on notice that, if he failed to exhaust prison grievance procedures which were available to him, his complaint must be dismissed. In an

abundance of caution, Plaintiff will be given an opportunity to address this issue in the event he files an amended complaint.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff has 30 days to file an amended complaint. The amended complaint is to include all of Plaintiff's claims without reference to a prior pleading. The failure to file an amended complaint will result in the dismissal of this case without prejudice.

2) Plaintiff's claim related to his cellmate and housing unit as stated above is DISMISSED, with prejudice.

3) The IDOC is DISMISSED, with prejudice. The Clerk is directed to TERMINATE the IDOC as a Defendant in this case.

ENTERED:  5/17/2022

s/ Joe Billy McDade
Joe Billy McDade
United States District Judge