# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

AUSTIN ASHENFELTER,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　)　　Case No. 22-cv-4059-JBM
　　　　　　　　　　　　　　　　　　　)
PARTHA GOSH, *et al.*,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　　)

## MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and incarcerated at Hill Correctional Center, files an Amended Complaint under 42 U.S.C. § 1983 alleging violations of the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-1(a)-(b). (Doc. 9). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### FACTS

Plaintiff files suit against Defendants Partha Gosh (IDOC Director), Chase Wilhelm (Chief Chaplain), Mark Williams (Acting Warden), Mrs. Duffield (Assistant Warden of Programs), and John Doe (Assistant Director). First, the Court notes that pages 5-7 of Plaintiff's Amended

Complaint are a replica of the allegations in his initial Complaint. (Doc. 9 at 5-7). Plaintiff's "Amended Claim/Complaint" begins on page 8. *Id.* at 8.

Plaintiff claims that between May 13, 2021 and August 2, 2022, Defendants Gosh, Wilhelm, Williams, and Duffield knowingly violated the Free Exercise Clause and the Establishment Clause by not allowing Plaintiff to declare himself a Druid/Pagan, even though he is a member of the "ADF (Ar nDraiocht Fein)." Plaintiff also indicates that the violations of his constitutional rights are ongoing. *Id.*

Plaintiff asserts that Defendants violated his Fourteenth Amendment rights by obtaining items for inmates who practice other religions, such as kufi, prayer rugs, and sacred oils for the Muslim inmates and Bibles for the Christian inmates.

Plaintiff also claims that Defendants violated RLUIPA by purchasing books, magazines, tools, and other items for inmates who practice other religions, but Defendants will not use IDOC funds to obtain special diets or informational materials for inmates who are Druid, Odinist/Asatro, and Wiccan.

Plaintiff alleges that special/religious diets are provided for inmates who are Muslim, Jewish, vegan, and pescatarian, but Defendants do not provide the necessary food or drink for the Pagan inmates to celebrate their "8 Major High Days," including Imbolc, Beltaine, Samhain, Lughnasadh, Winter Solstice, Spring Equinox, Summer Solstice, and Autumn Equinox. *Id.* at 9.

Plaintiff states further that he wrote to Defendant Williams, Defendant Duffield, Defendant Wilhelm, Chaplain Meg Ryan, and his counselor Mr. Baker, but they did not respond to his inquires. He also asked for updates on the status of the COVID-19 pandemic to determine when religious activities can commence.

## ANALYSIS

Individuals in custody have a First Amendment right to reasonable opportunities to practice their religion, subject to the legitimate penological concerns of the prison. *Maddox v. Love*, 655 F.3d 709 (7th Cir. 2011); *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). The Free Exercise Clause of the First Amendment prohibits the government from imposing a "substantial burden" on a "central religious belief or practice." *Isby-Israel v. Lemmon*, No. 13-172, 2016 WL 3072177, at *4 (S.D. Ind. June 1, 2016) (internal quotation omitted). "[A] substantial burden on the free exercise of religion ... is one that forces adherents of a religion to refrain from religiously motivated conduct, inhibits or constrains conduct or expression that manifests a central tenet of a person's religious beliefs, or compels conduct or expression that is contrary to those beliefs." *Id.* (quoting *Koger v. Bryan*, 523 F.3d 789, 798-99 (7th Cir. 2008)).

Under RLUIPA, officials may not substantially burden an individual's religious exercise unless there is a compelling government interest at stake. If such an interest exists, prison officials must use the least restrictive means of achieving it. 42 U.S.C. § 2000cc-1(a). RLUIPA allows for declaratory and injunctive relief, but not compensatory damages, and may be asserted against defendants in their official, but not personal capacities. *Turner v. Hamblin*, 590 F. App'x 616, 621 (7th Cir. 2014); *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012).

Here, Plaintiff's allegations fail to state a claim. Plaintiff states in a cursory fashion that Defendants "knowingly and while having full knowledge" violated the Free Exercise Clause and the Establishment Clause, but he does not explain how they were involved in or responsible for allegedly violating his constitutional rights. Plaintiff claims that he wrote to Defendants Williams, Duffield, and Wilhelm; however, an individual is liable under § 1983 only if he or she personally caused or participated in the alleged constitutional deprivation. *Palmer v. Marion Cnty.*, 327 F.3d

588, 594 (7th Cir. 2003); *Glasco v. Prulhiere*, 2009 WL 54298, at *1 (S.D. Ind. Jan. 8, 2009) ("Even if [plaintiff] wrote letters to these defendants, this fact alone is insufficient to support recovery from supervisory defendants."); *Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (holding that a plaintiff could not establish personal involvement, and subject a prison official to liability under § 1983, merely be sending the official various letters or grievances). Plaintiff cannot establish personal involvement and subject a prison official to liability under § 1983 merely by sending various written inquiries. *See id.* Defendants Williams, Duffield, and Wilhelm are DISMISSED without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

Although Plaintiff names IDOC Director Partha Gosh and Assistant Director John Doe as Defendants, Plaintiff does not plead any such facts in support of his claims against them or mention them in the body of his Amended Complaint. Furthermore, § 1983 does not allow actions against individuals based solely on their supervisory role of others. *Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017). "Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates." *Id*. Plaintiff does not state whether Defendants are being sued in their individual or official capacities. If sued in their individual capacity, Plaintiff must allege that the officials personally participated in the deprivation or were deliberately reckless as to the misconduct of subordinates or were aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). On the other hand, if sued in their official capacity, this tantamount to a suit against the IDOC for which the pleading requirements under *Monell* are required. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978). The allegations of the Amended Complaint suggest that the latter was contemplated, and the allegations are insufficient to plead a *Monell* claim against Defendants in

their official capacity. Therefore, Defendants Gosh and Doe are DISMISSED without prejudice for failure to state a claim under Federal Rule Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

Plaintiff will be given a final opportunity to replead his claims within 30 days.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have a final opportunity to file a second amended complaint within 30 days from the entry of this Order. Plaintiff's second amended complaint will replace his amended complaint in its entirety. The second amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely second amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.**

ENTERED:  10/27/2022

s/ Joe Billy McDade<br>
Joe Billy McDade<br>
United States District Judge